**Bremini SANTHALINGAM, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–2309.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 2, 2009.

Opinion Filed: Sept. 3, 2009.

Visuvanathan Rudrakumaran, Esq., New York, NY, for Petitioner.

Richard M. Evans, Esq., Nancy E. Friedman, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, FISHER and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Bremini Santhalingam petitions for review of the order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings. We will grant her petition.

## I.

Santhalingam is a native and citizen of Sri Lanka and an ethnic Tamil. She lived in an area controlled by the rebel Liberation Tigers of Tamil Eelam ("LTTE"), which she claims forced her to provide videotaped religious dance instruction for approximately six years. She fled to the United States in 1997 and applied for asylum and withholding of deportation on the grounds that she feared mistreatment both by the LTTE because she left it without permission and by the Sri Lankan government for her affiliation with LTTE. The Immigration Judge denied her application and ordered her removal to Sri Lanka, the BIA dismissed her appeal, and we denied her petition for review. *See Santhalingam v. Ashcroft,* 71 Fed.Appx. 911 (3d Cir.2003).

In 2007, Santhalingam filed a motion to reopen with the BIA on the basis of changed country conditions, asserting that persecution of LTTE members by the Sri Lankan government recently had intensified as a result of a breakdown in a cease-fire agreement. She asserted claims for asylum and withholding of removal under the Convention Against Torture ("CAT") on the grounds that the Sri Lankan government would persecute or torture her on return because (1) she was affiliated with LTTE and (2) she previously sought asylum in the United States, both of which she alleged the Sri Lankan government would learn from the availability on the Internet of our previous opinion. In support of her motion, she attached, *inter alia,* some fifty pages of reports and articles issued between December 2006 and December 2007 documenting the recent intensification in violence. The Government did not oppose her motion, but the BIA denied it on April 14, 2008. Santhalingam petitions for review.[1]

---

1. We have jurisdiction under 8 U.S.C. § 1252. *See Shardar v. Att'y Gen.,* 503 F.3d 308, 311 (3d Cir.2007). We review the BIA's denial of reopening for abuse of discretion, and may reverse only if it is " 'arbitrary, irrational, or

## II.

"There are both procedural and substantive hurdles that must be overcome in a motion to reopen removal proceedings." *Shardar v. Att'y Gen.*, 503 F.3d at 313. Procedurally, motions to reopen generally must be filed within 90 days of the final administrative decision unless, *inter alia*, the motion is based on " 'changed circumstances arising in the country of nationality . . ., if such evidence is material and was not available and could not have been discovered or presented at the previous hearing[.]' " *Id.* (quoting 8 C.F.R. § 1003.2(c)(3)(ii)). If that hurdle is cleared, the question becomes one of substance—i.e., whether the petitioner has shown *prima facie* eligibility for or entitlement to relief. *See id.* That standard requires a petitioner to show only a "reasonable likelihood" of ultimately prevailing on her claims. *Id.* In this case, the BIA denied reopening solely because it believed that Santhalingam had failed to show *prima facie* eligibility for asylum or entitlement to withholding under CAT. The BIA abused its discretion in both respects.

### A. Asylum

■ The BIA did not adequately consider the evidence that Santhalingam presented in support of her asylum claim. The BIA denied reopening on this claim on the sole basis that "the evidence reflects conditions that have prevailed in Sri Lanka before and since [Santhalingam's] last hearing in 1998." As an initial matter, the BIA's conclusion is a *non sequitur*. If it were true that Santhalingam's evidence showed only previously-prevailing conditions in Sri Lanka, then that would mean that her motion is not based on changed country conditions (and is thus untimely because it was filed more than 90 days after the BIA's previous ruling), not that it failed to show *prima facie* eligibility for relief. *See Shardar*, 503 F.3d at 312 (explaining that the two issues are "related but analytically distinct"). Thus, the BIA's premise does not support its conclusion.

Even if it did, its premise is based on inadequate consideration of the record. Santhalingam submitted numerous articles and other documents reporting a surge in widespread persecution and torture of ethnic Tamils beginning in late 2006. These documents include a 2007 Amnesty International report describing how the situation for Tamils is "deteriorating dramatically." (A.92.) She also included a 2006 United Nations High Commission for Refugees report stating that "[a]ll asylum claims of Tamils from the North or East should be favourably considered," (A.108), that "[n]o Tamil from the North or East should be returned forcibly until there is significant improvement in the security situation in Sri Lanka," (A.109), and that "[f]or those asylum-seekers from Sri Lanka whose claims were previously examined and were found not to be in need of international protection, UNHCR recommends a review of their claims *in light of the new circumstances as described in this position*," (A.112) (emphasis added).

The BIA did not even mention any of this evidence, let alone adequately address it. Instead, the sole evidence it referred to in this regard was a statement in a Human Rights Watch article that, " '[s]ince the outbreak of open conflict between the Sri Lankan government and LTTE in the 1980s, ordinary civilians have borne the

---

contrary to law.' " *Id.* (citation omitted). In doing so, we review any factual findings for substantial evidence, *see id.* at 311, and review issues of law *de novo*, *see Fadiga v. Att'y Gen.*, 488 F.3d 142, 153–54 (3d Cir.2007). In

addition, "the [BIA] abuses its discretion when it fails to 'consider and appraise the material evidence before it.' " *Shardar*, 503 F.3d at 315 (citation omitted).

brunt of such attacks on both sides.'" (BIA Dec. at 1) (quoting A.88). From that statement, the BIA concluded that Santhalingam had shown only conditions that had prevailed at least since 1998 when she was last before the Immigration Judge. (*Id.*)

That stray statement, however, fails to account for all of Santhalingam's other evidence of dramatically escalating violence beginning in late 2006. Indeed, the very same article goes on to state: "*However,* this is the first time since the 2002 ceasefire agreement that the government has carried out a large-scale eviction process of Tamils from the capital." (A.88) (emphasis added). Thus, far from undermining Santhalingam's claim that conditions in Sri Lanka have changed, this article supports it. Accordingly, on remand, the BIA should specifically address Santhalingam's evidence to determine whether her motion is based on changed country conditions. If so, the BIA should then determine whether she has shown *prima facie* eligibility for relief under the substantive asylum standards. *See Zheng v. Att'y Gen.,* 549 F.3d 260, 268 (3d Cir.2008); *Shardar,* 503 F.3d at 315–16.

## B. Withholding of Removal Under CAT

■ The BIA abused its discretion in denying reopening on Santhalingam's CAT claim as well. Santhalingam claims that she will be tortured both because the Sri Lankan government will associate her with the LTTE and because she previously sought asylum in the United States. She presented evidence supporting both aspects of her claim, but the BIA did not adequately address either one. The BIA began by discussing two articles regarding the British Government's determination

that LTTE sympathizers are at risk of being tortured if returned to Sri Lanka. Those articles are relevant to the first aspect of Santhalingam's CAT claim. The BIA, however, never addressed whether Santhalingam had made a *prima facie* showing on that aspect of her claim. Instead, it went on to conclude from its discussion of articles relevant to the *first* aspect of her claim that she had not made a *prima facie* showing on the *second* aspect of her claim—*i.e.,* that she would be tortured "because respondent sought asylum in the United States." (BIA Dec. at 2.) The BIA did not explain the basis for that conclusion, and once again failed to address the evidence that Santhalingam presented on that issue.

In addition, the BIA applied the wrong legal standard in determining whether Santhalingam had made a *prima facie* showing on her CAT claims. The BIA concluded that she had not because "[w]e do not find that the evidence presented is sufficient to support a finding that ... *it is more likely than not* that she would be tortured if she is removed to Sri Lanka." (BIA Dec. at 2) (emphasis added). That is the burden Santhalingam ultimately must carry to prevail on her CAT claim. *See Fadiga,* 488 F.3d at 160 n. 27. At the reopening stage, however, a *prima facie* showing requires her to show only a "reasonable likelihood" that she can meet that burden. *Id.* at 160. Thus, "[a]lthough the Board stated that it was applying a '*prima facie* eligibility' standard," it "in fact[ ] held [her] to a higher standard" that required her to prove her ultimate claim. *Id.* We must remand for the BIA to apply the proper standard in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).[2]

---

2. When the ultimate relief sought is discretionary in nature (such as asylum), the BIA can bypass consideration of whether a petitioner has made a *prima facie* showing of eligibility for relief and deny a motion to

reopen on the grounds that, even if she has, she would not be entitled to relief in the exercise of discretion. *See Zheng,* 549 F.3d at 266. That principle does not apply to manda-

## C. Conclusion

Accordingly, we will vacate the BIA's order denying Santhalingam's motion to reopen. We remand for the BIA to decide whether to reopen her removal proceedings after adequately considering her evidence and applying the proper legal standards to her claims.

tory forms of relief such as withholding of    removal under CAT. *See id.*